UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ankar Singh,

                        Petitioner,

            -against-

Acting Field Office Director et al.,

                        Respondents.

26-CV-4250 (AS)

<u>ORDER</u>

ARUN SUBRAMANIAN, United States District Judge:

The petition for a writ of habeas corpus is GRANTED IN PART and DENIED IN PART.

Petitioner's request for a stay of his removal is DENIED. The Court lacks jurisdiction to review the final order of removal. 8 U.S.C. § 1252(g).

Petitioner's request for release from detention is GRANTED. Respondents have not cited any valid authority for petitioner's detention. Respondents rely on 8 U.S.C. § 1231(a)(6). Dkt. 8 at 2. But the Court has previously held that Section 1231(a)(6) permits only *continued* detention for a petitioner who was being detained during the 90-day removal period. *See Diallo v. Joyce*, 817 F. Supp. 3d 202, 205 (S.D.N.Y. 2025). That period expired more than three decades ago. Respondents additionally do not argue that petitioner represents a risk of flight or a danger to the community.

Respondents' reliance on *Lin v. Francis*, 2025 WL 3751855 (S.D.N.Y. Dec. 29, 2025), is misplaced. There, "[t]he record presented to the Court [did] not indicate any contact between ICE and Lin during the ensuing more than 12 years." *Lin v. Francis*, 2025 WL 3751855, at *2 (S.D.N.Y. Dec. 29, 2025). As a result, the petitioner in *Lin* was "inaccessible to ICE." *Chen v. Noem*, 2026 WL 380712, at *1 (S.D.N.Y. Feb. 11, 2026). In short, *Lin* read an implicit condition into Section 1231(a)(6), where the 90-day removal period does not begin until the government can detain and remove the individual.

By contrast, respondents here concede that they have known of petitioner's current address for at least six years (and potentially had access for even longer). Dkt. 12 ¶ 13. Indeed, petitioner argues that he and the agency have been in continuing contact from 2012 to the present, and his reply attaches various communications between USCIS, Singh, and Singh's counsel showing that. Dkt. 14–1. The fact that "shifting enforcement priorities" led ICE not to detain petitioner, Dkt. 12 ¶ 14, does not mean that he was inaccessible. Thus, this case is outside of *Lin*, since petitioner has been accessible to the government since at least 2020, and perhaps earlier. In short, the Court maintains that Section 1231(a)(6) does not provide the government with "a free-roaming right to arrest and detain people any time it sees fit." *Diallo*, 817 F. Supp. 3d at 205. Permitting indefinite detention here, in a case where the government has known about petitioner's whereabouts for years

and merely decided at this juncture to detain him, is unmoored from any grant of detention authority in Section 1231.

The Court acknowledges that limited detention might be necessary to effectuate an imminent removal, so the statutes governing removal may grant implied permission to detain someone to effectuate that removal. But respondents have not stated that removal is imminent or how long acquiring the travel documents may take. And petitioner says that he was detained while dutifully attending an immigration biometrics appointment. Respondents are therefore directed to release petitioner under reasonable conditions of supervision within 24 hours of this order. Should respondents obtain the necessary travel documents and make appropriate travel arrangements, and if petitioner does not voluntarily consent to removal, respondents may re-detain petitioner only as long as necessary to effectuate his removal.

The Clerk of Court is respectfully directed to enter judgment and close the case. The Court retains jurisdiction over this case for any further necessary proceedings.

SO ORDERED.

Dated: June 1, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge

2