**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Ankar Singh,

                Petitioner,                  26 **CIVIL** 4250 (AS)

      -against-                         **JUDGMENT**

Acting Field Office Director et al.,

                Respondents.
-------------------------------------------------------------X

     It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated June 1, 2026, the petition for a writ of habeas corpus is GRANTED IN PART and DENIED IN PART. Petitioner's request for a stay of his removal is DENIED. The Court lacks jurisdiction to review the final order of removal. 8 U.S.C. § 1252(g). Petitioner's request for release from detention is GRANTED. Respondents have not cited any valid authority for petitioner's detention. Respondents rely on 8 U.S.C. § 1231(a)(6). Dkt. 8 at 2. But the Court has previously held that Section 1231(a)(6) permits only *continued* detention for a petitioner who was being detained during the 90-day removal period. *See Diallo v. Joyce*, 817 F. Supp. 3d 202, 205 (S.D.N.Y. 2025). That period expired more than three decades ago. Respondents additionally do not argue that petitioner represents a risk of flight or a danger to the community. The Court retains jurisdiction over this case for any further necessary proceedings; accordingly, the case is closed.

**DATED:**  New York, New York
           June 3, 2026

                                   **TAMMI M. HELLWIG**
                              ——————————————————
                                    **Clerk of Court**

                **BY:**             *K. mango*
                                ——————————————————
                                    **Deputy Clerk**