*Singh v. Acting Field Office Director, et al., No. 26 Civ. 4250 (AS) — Letter Motion re: Conditions of Release*

**LAW OFFICE OF KEREN OHANA**

26 Court Street, Suite 1917

Brooklyn, New York 11242

Tel: (347) 772-3232 | kerenohanaesq@gmail.com

June 9, 2026

**By ECF**

Hon. Arun Subramanian

United States District Judge

United States Courthouse

500 Pearl Street

New York, New York 10007

**Re:**    *Singh v. Acting Field Office Director, et al.,* No. 26 Civ. 4250 (AS) — Letter Motion to Modify Conditions of Release

Dear Judge Subramanian:

We represent Petitioner Ankar Singh and write pursuant to the Court's June 1, 2026 Order (ECF No. 15), which granted the writ of habeas corpus, ordered Mr. Singh's release from ICE custody, and expressly retained jurisdiction over this matter "for any further necessary proceedings." The Court directed that Respondents release Mr. Singh "under reasonable conditions of supervision." We respectfully submit that the conditions ICE has imposed—(1) a GPS ankle bracelet, (2) ICE reporting every two weeks, and (3) ATD home visits every four weeks—are not "reasonable" within the meaning of the Court's order, are not supported by any finding of flight risk or danger, and collectively constitute a form of constructive detention incompatible with this Court's holding that Mr. Singh's detention was unlawful. We respectfully request that the Court order removal of the ankle bracelet and modification of the supervision schedule to a standard order of supervision.

## I. The Conditions ICE Imposed Exceed the Scope of "Reasonable" Supervision

This Court's Order directed release "under reasonable conditions of supervision." ECF No. 15. It did not authorize ICE to impose any particular condition, and it expressly found that "[r]espondents additionally do not argue that petitioner represents a risk of flight or a danger to the community." *Id.* That finding—unrebutted in the record—is the governing baseline for evaluating any condition ICE imposes.

A GPS ankle bracelet is not a supervisory condition. It is a restraint on physical liberty that operates continuously and tracks every movement. The Supreme Court has held that GPS monitoring "is plainly designed to obtain information" by "physically intruding on a subject's body" and effects a Fourth Amendment search, even in a civil, non-investigatory context. *Grady v. North Carolina*, 575 U.S. 306, 309–10 (2015) (per curiam); *see also United States v. Jones*, 565 U.S. 400, 404

(2012). The Second Circuit applies heightened scrutiny to intrusive conditions that implicate a fundamental liberty interest: such a condition "could be justified only if it is narrowly tailored to serve a compelling government interest," and where "[t]he Government has proffered no such justification," the condition cannot stand. *United States v. McLaurin*, 731 F.3d 258, 261, 263 (2d Cir. 2013) (citing *United States v. Myers*, 426 F.3d 117, 125–26 (2d Cir. 2005)). Where—as here—there has been no finding of flight risk or danger, and where a federal court has already declared that the government's detention of this individual was unlawful, imposing continuous GPS monitoring simply reimplements the detention by other means.

The Supreme Court's framework in *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976), requires balancing the private interest, the risk of erroneous deprivation, and the governmental interest. Here, the private interest is enormous: Mr. Singh has a U.S. citizen wife, has resided in the United States for over thirty-one years, and is actively pursuing adjustment of status. The risk of erroneous deprivation is high: this Court has already found ICE's enforcement action to be without lawful authority. And the governmental interest in electronic monitoring specifically—as opposed to less restrictive supervision—has never been identified or justified.

## II. ICE Has Never Identified Any Basis for These Specific Conditions

The conditions ICE imposed were not tailored to any individualized assessment of Mr. Singh. The government made no argument to this Court that Mr. Singh was a flight risk or posed any danger. The I-213 prepared by ICE on the day of his arrest identifies no criminal convictions. The Maryland charges were disposed of by nolle prosequi on all counts in November 2023. Mr. Singh voluntarily appeared at the USCIS biometrics appointment that led to his arrest—the very appointment this Court observed he "dutifully attended." ECF No. 15. He has cooperated with immigration authorities continuously for years, filed multiple benefit applications, and appeared at every scheduled appointment.

The ankle bracelet and intensive supervision schedule ICE has imposed mirror conditions typically reserved for individuals with a history of absconding, criminal records, or other documented risk factors. None of those factors are present here. ICE has imposed maximum surveillance conditions on an individual whom the government itself never argued posed any risk. That is unreasonable by any standard.

## III. Ankle Monitoring Constitutes Constructive Detention Inconsistent with the Court's Order

This Court's Order held that "Section 1231(a)(6) does not provide the government with 'a free-roaming right to arrest and detain people any time it sees fit.'" ECF No. 15 (quoting *Diallo v. Joyce,* 817 F. Supp. 3d 202, 205 (S.D.N.Y. 2025)). Ankle bracelet monitoring—which tracks Mr. Singh's location at all times, restricts his freedom of movement, and constitutes a daily reminder of government surveillance—is functionally indistinguishable from the detention this Court declared unlawful. The government cannot accomplish through conditions of release what it is prohibited from accomplishing through physical custody.

The Supreme Court has long recognized that habeas reaches "restraints on a man's liberty" that are "not shared by the public generally," even absent physical confinement, *Jones v. Cunningham*, 371 U.S. 236, 240 (1963), and that the concept of custody "has broadened to include restraints

*Singh v. Acting Field Office Director, et al., No. 26 Civ. 4250 (AS) — Letter Motion re: Conditions of Release*

short of physical confinement," *Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004). A district court likewise has authority to invalidate electronic-monitoring conditions imposed without an individualized finding of flight risk or danger. *See United States v. Karper*, 847 F. Supp. 2d 350, 364 (N.D.N.Y. 2011). This Court has retained jurisdiction over this case. It may—and should—review whether the conditions ICE has unilaterally imposed are consistent with its Order directing release "under reasonable conditions."

## IV. The Appropriate Supervision Regime

Mr. Singh respectfully requests that this Court order ICE to:

1. Remove the GPS ankle bracelet immediately;
2. Eliminate the ATD home visit program; and
3. Convert Mr. Singh's supervision to a standard order under 8 C.F.R. § 241.5, requiring him to report any change of address, maintain a verified residence, and appear when lawfully directed.

These are the standard conditions of an order of supervision for an alien with a final order who has not been identified as a flight risk or danger. They are proportionate to the circumstances, consistent with Mr. Singh's established record of compliance, and fully consistent with this Court's directive that he be released "under reasonable conditions."

We are prepared to submit a more formal motion and supporting memorandum if the Court prefers that format. We respectfully request expedited treatment given that Mr. Singh is currently subject to the ankle bracelet and surveillance conditions daily.

Respondents should meet and confer with petitioner's counsel to see if they can reach an agreement on any of these proposed revisions to the conditions of release. The Court expects in a situation like this that the parties should be able to work things out. If no agreement can be reached, respondents may file a response on or before June 16, 2026, and petitioner may file a reply on or before June 20, 2026.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: June 10, 2026

Respectfully submitted,

/s/ Patrick C. Carroll
Patrick C. Carroll, Esq
Counsel for Petitioner Ankar Singh

cc:    Tudor M. Neagu, SAUSA (by ECF)